UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LCA GP LLC, LCA LP LLC, and ANODES PARTNERS LLC, Plaintiffs, vs. CITY OF PLAINFIELD, THE BANK OF NEW YORK MELLON CORP., as Trustee, Defendants. | Civ. No. 15-3247-KM-JBC OPINION |
| THE BANK OF NEW YORK MELLON CORP., as Trustee, Third-Party Plaintiff, vs. PLAINFIELD HOUSING FINANCE CORPORATION, Third-Party Defendant. | |

## KEVIN MCNULTY, U.S.D.J.:

Before the Court is the motion of third-party defendant Plainfield Housing Finance Corporation ("PHFC") to dismiss the third-party complaint of defendant/third-party plaintiff The Bank of New York Mellon, as Trustee ("Trustee"). (DE 166). The basis of PHFC's motion is that it has "dissolved" and "is no longer financially capable of defending" this action. Although PHFC's motion is framed as a Rule 12(b)(6) motion, PHFC in fact seeks dismissal on Article III jurisdictional grounds. PHFC contends that this action is moot because the Court is unable to grant any "effective" relief to the prevailing party.

1

Trustee opposes the motion because (1) PHFC has not submitted any evidence that it is, in fact, dissolved; (2) PHFC was an active corporation at the time its motion was filed, according to a corporate status report issued by the State of New Jersey; and (3) as a matter of law, a dissolved non-profit corporation, organized under New Jersey Law, may be sued.

For the following reasons, PHFC's motion is denied.

## I. Background[1]

Trustee is a national banking association. (3PC ¶1). PHFC is a not-for-profit corporation organized under the laws of New Jersey. (3PC ¶2).

On May 17, 2018, plaintiffs LCA GP LLC, LCA LP LLC, and Anodes Partners LLC filed an amended complaint against defendants City of Plainfield and Trustee alleging eight different counts related to the acquisition, management, and development of an apartment complex located in Plainfield, New Jersey. (AC. ¶¶7-8). The complex was intended to be developed as affordable housing under Section 8 of the United States Housing Act of 1937. (AC ¶8). PHFC issued bonds to finance the construction of the complex. (3PC ¶6).

In connection with this development project, plaintiffs entered into a "Payment in Lieu of Taxes" Agreement ("PILOT") with the City of Plainfield. (3PC ¶5). Plaintiffs also entered into a Lease and Management Agreement with the Housing Authority of Plainfield ("HAP"). That agreement provided that HAP would remit all revenue from the project, including rental proceeds, to the National Community Bank of New Jersey ("NCBNJ"), which was the trustee at that time. (3PC ¶7). Trustee is the successor in interest to NCBNJ. (3PC ¶1).

---

[1] Key items from the record are abbreviated as follows:

DE. = Docket entry number in this case;

AC. = Amended Complaint (DE 144);

3PC = Third-Party Complaint (DE 162);

DBr. = PHFC's brief in support of its motion to dismiss (DE 166);

PBr. = Trustee's opposition to PHFC's motion (DE 169).

NCBNJ placed the revenue into various funds, including a tax payment fund that was meant to satisfy PILOT obligations. (3PC ¶8). The City would calculate the amounts due, notify HAP of the amount, and HAP, in turn, would notify the Trustee of the amount due. (*Id.*). The Trustee would then make a payment to the City. (3PC ¶9).

Plaintiffs allege that PILOT obligations were incorrectly calculated, and that Trustee disbursed incorrect amounts to the City of Plainfield, without verifying the correct amounts. (3PC ¶9).

There is a Trust Agreement in place between PHFC and the Trustee, which contains an indemnification agreement:

> The Corporation shall pay the Trustee reasonable compensation for its services hereunder, and also all its reasonable expenses and disbursements, including attorneys' fees, and shall indemnify the Trustee against any liabilities which it may incur in the exercise and performance of its powers and duties hereunder except those caused by the Trustee's own gross negligence or willful misconduct.

(3PC ¶10). Trustee's complaint against PHFC seeks indemnification under this provision in the event any damages are awarded. (3PC ¶11).

Trustee's third-party complaint was filed on October 23, 2018. (DE 162). The 3PC does not allege that PHFC has dissolved. PHFC filed a motion to dismiss the 3PC on November 20, 2018. (DE 166). PHFC contends that it is a dissolved non-profit corporation and should therefore be dismissed from the action. (DE 166).

Trustee opposed PHFC's motion on December 20, 2018. (DE 169). To its opposition, the Trustee has attached PHFC's corporate status report, which indicates that, as of November 28, 2018 (after PHFC filed its motion to dismiss), PHFC was still an active non-profit corporation. (DE 169-1, Ex. D). PHFC has not filed a reply.

## II. Discussion

PHFC claims that there is not a "live case or controversy" because its dissolved and has no money to continue defending this action. (DBr. at 4).

3

"Under Article III of the United States Constitution, the power of the judiciary extends only to 'Cases' and 'Controversies.'" *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016)); see U.S. Const. art III, § 2. "The 'case or controversy' requirement demands that a cause of action before a federal court present a 'justiciable' controversy, and 'no justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments." *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992) (quoting *Flast v. Cohen*, 392 U.S. 83, 95, 20 L. Ed. 2d 947, 88 S. Ct. 1942 (1969)).

A motion to dismiss a complaint that challenges the "actual controversy" requirement under Article III is properly brought under Rule 12(b)(1) as "a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citation omitted). Jurisdiction must be established in order for a case to continue. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Where the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

By contrast, where the existence of subject matter jurisdiction is challenged factually, "no presumptive truthfulness attaches to the plaintiff's allegations," and the court may consider evidence outside the pleadings to satisfy itself of its power to hear the case. *Id.* As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing it. *See Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 191 n.4 (3d Cir. 2011).

The Trustee has met its burden to establish jurisdiction here. Jurisdiction is adequately alleged in the third party complaint, and PHFC does not really contend otherwise. PHFC has not answered Trustee's complaint or otherwise presented competing facts (through, for example, affidavits, depositions, or other evidence) to challenge the Court's subject-matter jurisdiction over Trustee's claims. Counsel's arguments that PHFC has dissolved are presented only in a brief. (DBr. at 4) These supposed facts are not of record, judicially noticeable, or stipulated to by the parties, and are not cognizable. *See Dominic J. v. Wyo. Valley W. High Sch.*, 362 F. Supp. 2d 560, 565 (M.D. Pa. 2005) ("Plaintiffs' counsel's statements contained in the brief in opposition simply do not constitute evidence.").

Moreover, PHFC, which is organized under New Jersey law, may "be sued in all courts and participate in actions and proceedings, whether judicial, administrative, arbitrative or otherwise, in its corporate name, and process may issue by and against the corporation in the same manner as if dissolution had not occurred." N.J. Stat. Ann. § 15A:12-15. As a matter of law, PHFC remains a juridical entity that can be sued, and again PHFC does not really contend otherwise. Perhaps some other person or entity remains answerable for PHFC's obligations; perhaps not. Perhaps any judgment will be difficult to collect; perhaps not. Those speculative possibilities do not rob the court of jurisdiction.

Accordingly, PHFC's motion to dismiss the third-party complaint is denied.

### III. Conclusion

For the reasons stated above, PHFC's motion (DE 166) is denied. An appropriate Order follows.

Dated: March 15, 2018

_____
**Kevin McNulty**
**United States District Judge**

5